UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

04 10086 PBS

|  |  |
|---|---|
| DAVID WILLIAMS, pro se<br>Plaintiff,<br><br>.v.<br><br>NORMAN THERRIEN, former Acting Health<br>Service Administrator of the UMASS<br>Correctional Health Program, University<br>of Massachusetts, DAVID STRINGHAM,<br>former Acting Health Service Administrator<br>of the UMASS Correctional Health Program,<br>University of Massachusetts, GERI CRISMAN,<br>former Acting Health Service Administrator<br>of the UMASS Correctional Health Program,<br>University of Massachusetts, JOHN DOE,<br>AKA NURSE JEFF, employee of the UMASS<br>Correctional Health Program, University of<br>Massachusetts, JANE DOE, AKA NURSE JACKIE,<br>employee of the UMASS Correctional<br>Health Program, University of Massachusetts<br><br>Defendants.<br>PERSONAL CAPACITIES | MAGISTRATE JUDGE<br><br>CIVIL RIGHTS COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>AMOUNT $150<br>SUMMONS ISSUED<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED |

COMPLAINT

This is a civil action brought by the Plaintiff David Williams, pro se a state prisoner, for civil rights violations under 42 U.S.C. § 1983, for direct and malicious injury, unlawful deprivation of bodily freedom.

JURISDICTION

1. The action arises under the Constitution of the United States, Article III and Article VI, Section 3; the Fourteenth Amendment, Section 1; U.S.C., Title 28 § 1331, as herein after more fully appears.

.1.

2. Plaintiff, David Williams, aka Herbert Vaughan, is a natural person who is a state prisoner at Massachusetts Correctional Institution, Cedar Junction, at P.O. Box 100, in South Walpole, Massachusetts 02071.

3. Defendant Norman Therrien, is a natural person who was formerly employed as Acting Health Service Administrator of the UMASS Correctional Health Program, at Massachusetts Correctional Institution, Cedar Junction, South Walplole, Massachusetts. He was responsible for implementation of all applicable state laws, rules and regulations of the UMASS Correctional Health Program and Department of Correction (hereinafter "D.O.C."), Health Service Division.

4. Defendant David Stringham, is a natural person who was formerly employed as Acting Health Service Administrator of the UMASS Correctional Health Program at Massachusetts Correctional Institution (hereinafter MCI), at Cedar Junction, South Walpole, Massachusetts. He was responsible for implementation of all applicable state law, rules and regulations of UMASS Correctional Health Program and "D.O.C. Health Service Division.

5. Defendant Geri Crisman, is a natural person who was formerly employed as Health Service Administrator of the UMASS Correctional Health Program at MCI-Cedar Junction, South Walpole, Massachusetts. She was responsible for implementation of all applicable state laws, rule and regulations of UMASS Correctional Program and "D.O.C." Health Service Division.

6. Defendant John Doe aka Nurse Jeff, is a natural person who is employed by the UMASS Correctional Health Program as a nurse at MCI-Cedar Junction located in South Walpole, Massachusetts. Defendant NURSE Jeff served on medical staff during allegations raised in this complaint.

7. Defendant Jane Doe aka Nurse Jackie, is a natural person who is employed by the UMASS Correctional Health Program as a nurse at Massachusetts Correctional Institution located in South Walpole, Massachusetts. Nurse Jackie served on medical staff during the time of the allegations raised in this complaint.

## FACTS

8. On or about February, 1986, Plaintiff commenced his incarceration within "D.O.C." at Massachusetts Correctional Institution, at Cedar Junction, South Walpole, Massachusetts.

9. Plaintiff has a medical history of cardiovascular disease, hypertension, insomnia, high blood pressure and anxiety panic disorder.

10. Plaintiff further states that he had been given prescription medication daily, prescribed by psychiatrist and medical doctor at this institution for the above described illnesses.

11. On or about April, 2003, Defendants Therrien, Stringham and Crisman in their supervisory capacities as Acting Health Service Administrators created an unlawful policy of intentionally interfering with treatment once prescribed by doctor, Control Substance-Schedule II Medication, policy. (SEE Exhibit A Code of Massachusetts Regulations).

12. On or about April, 2003, Plaintiff, was assigned to Keep-Lock at Massachusetts Correctional Institution, Cedar Junction his medication was under the control and supervision of Defendants Nurse Jeff and Nurse Jackie.

13. On or about April, 2003, Plaintiff had been confined to his cell, Defendants Nurse Jeff and Nurse Jackie brought an unlawful liquid

13. substance which was not consistent with medical treatment prescribed by doctor.

14. Plaintiff was directed by Defendants Nurse Jeff and Nurse Jackie, to ignore the medical treatment prescribed by the doctor and to consume the unlawful liquid substance in their possession.

15. The Plaintiff was further informed by Defendants Nurse Jeff and Nurse Jackie, the policy for administering of controlled substances was changed by the Health Administrators, which has been a primary duty of the Commissioner of Correction, pursuant to Massachusetts General Laws.

16. It was at this point Plaintiff informed Defendants Nurse Jeff and Nurse Jackie, that he would not participate in this unlawful act.

17. The Plaintiff further informed Defendants Nurse Jeff and Nurse Jackie, in what he believed to be a clear violation of the MCI-Cedar Junction Procedure policy for 103 D.O.C. 661, pharmacy and medication regulation, and requested that both Defendants Nurse Jeff and Nurse Jackie to comply with medical treatment prescribed by doctor prescription.

18. Defendants Nurse Jeff and Nurse Jackie became hostile and maliciously threatened the Plaintiff, if he failed to comply with their unlawful directives would result in his prescription medication being denied.

19. Plaintiff states that the predetermined deprivation thru tacit authorization by Defendants Therrien, Stringham, and Crisman resulted directly from the unlawful implementation of control substance policy.

20. Due to the conflict between plaintiff's conscience and the malicious statements and acts by both Defendants Nurse Jeff and Nurse Jackie, in their willful attempts to coerce him in participating in unlawful acts,

20. the Plaintiff came under a tremendous amount of psychological stress and physical withdrawal symptoms.

21. As a result of the above - mention symptoms, the Plaintiff suffered ensuing insomnia, paranoia, fatigue, anxiety, muscle spasms, hyperventilation and dizziness.

22. On or about April 25, 2003, the Plaintiff submitted a medical grievance complaint to the Health Service Administrator's Office.

23. Plaintiff states on or about April, 2003, he submitted grievances forms to inmate grievance coordinator office that was subsequently denied, the plaintiff submitted an appeal to Superintendent Peter E. Allen, that was denied.

24. On or about May, 2003, the Plaintiff received a legal notice from Defendant Geri Crisman stating "medication that requires crushing will be done in front of inmates then mixed with water prior to administration.

25. Plaintiff sent on or about May 14, 2003, medical complaints to both June S. Binney, UMASS Correctional Health Program, Director and also Susan Martin, Director of D.O.C. Health Service Division, who responded "Health Service And Contractual Medical Provider policy requires that medication that needs to be crushed at the time of administration, not prior to administration."

26. All administrative avenues have been exhausted by the Plaintiff.

## COUNT I

### AGAINST DEFENDANTS NURSE JEFF AND NURSE JACKIE IN THEIR PERSONAL CAPACITIES

Tortious deprivation of bodily freedom in
violation of 42 U.S.C. § 1983

Plaintiff realleges the facts contained in paragraphs
1 through 26 and incorporates them herein.

27. The Plaintiff had a secured right in his bodily freedom which was not subject to unlawful fraudulent acts.

28. Plaintiff had a secured right to possess personal property which was not subject to unlawful fraudulent acts.

29. Defendants Nurse Jeff and Nurse Jackie violated the Plaintiff's right's by their conduct in committing actionable fraud from the fraudulent misrepresentation relied on from Defendants Therrien, Stringham and Crisman in depriving Plaintiff of his prescription medication.

30. Both Defendants Nurse Jeff and Nurse Jackie violated Plaintiff's constitutional rights under the Fourteenth Amendment constituted malicious conduct by intentionally inflicting unnecessary wanton physical harm by depriving the plaintiff of his property interest of prescription medication.

31. The Defendants Nurse Jeff and Nurse Jackie violated Plaintiff's constitutional right's thru truly irrational conduct clearly shocking to the universal sense of justice, by depriving the Plaintiff of his freedom from unlawful bodily restraint under the Fourteenth Amendment to the United States Constitution.

## COUNT II

**AGAINST DEFENDANTS THERRIEN, STRINGHAM AND CRISMAN IN THEIR PERSONAL CAPACITIES**

Tortious deprivation of bodily freedom in
violation of 42 U.S.C. § 1983

Plaintiff realleges the facts contained in paragraphs
1 through 31 and incorporates them herein.

32. The Plaintiff had a secured right in his bodily freedom which was not subject to unlawful fraudulent acts.

33. Plaintiff had a secured right to possess personal property which was not subject to unlawful fraudulent acts.

34. Defendants Therrien, Stringham and Crisman were supervisory officials of the UMASS Correctional Health Program at Massachusett Correctional Institution, Cedar Junction and were responsible for implementing and monitoring control substance schedule II, medication policy during the time of the allegations raised herein. 103 D.O.C. 661.03(g).

35. The Defendants Therrien, Stringham and Crisman, fraudulent misrepresentation of control substance policy to subordinates Nurse Jeff and Nurse Jackie constituted an act of affirmative misconduct by depriving the Plaintiff of his property interest of prescribed medication thru tacit authorization.

36. The Defendants Therrien, Stringham and Crisman had an mandatory obligation to conform to a legal standard of reasonable conduct for the protection of the Plaintiff's freedom against unlawful bodily restraint.

.7.

37. The Defendants Therrien, Stringham and Crisman violated Plaintiff's constitution right's under the Fourteenth Amendment thru tacit authorization allowing Nurse Jeff and Nurse Jackie to deprive the Plaintiff of his property interest prescription medication constituted a malicious act by intentionally inflicting unnecessary wanton physical harm.

38. Defendants Therrien, Stringham and Crisman violated Plaintiff's constitutional rights by truly irrational conduct, clearly shocking to the universal sense of justice in depriving Plaintiff of his bodily freedom without due process in violation of the Fourteenth Amendment to the United States Constitution.

## COUNT III

### AGAINST DEFENDANTS THERRIEN, STRINGHAM, CRISMAN, NURSE JEFF AND NURSE JACKIE IN THEIR PERSONAL CAPACITIES

Tortious Willful And Malicious Injury

Plaintiff realleges the facts contained in paragraphs
1 through 38 and incorporates them herein.

39. Defendants knew or reasonably should have known that their unlawful fraudulent conduct to deprive the Plaintiff of his property interest prescription medication and bodily freedom in violation of his constitutional right's under the Fourteenth Amendment, made in bad faith of clearly established law, would likely cause any reasonable person to suffer corporal punishment of bodily injury, sever humiliation, mental and emotional injury.

40. The Defendants Therrien, Stringham Crisman, Nurse Jeff and Nurse Jackie unlawful conduct to deprive the Plaintiff, were by their nature, a malicious intent to cause bodily and emotional injury by intentionally depriving the Plaintiff of his property interest prescription medication constituted unlawful bodily restraint under the Fourteenth Amendment to the United States Constitution.

41. Defendants Therrien, Stringham, Crisman, Nurse Jeff and Nurse Jackie, intentional infliction of the aforesaid act of deprivation was done maliciously, without any reasonable related legitimate security concerns, or other penological, economical interest, justification or excuse, and did so for the sole purpose of intentionally inflicting unnecessary and wanton pain, and ultimately, unlawfully deprived the Plaintiff, of his constitutional rights under the Fourteenth Amendment to the United States Constitution, and thus, done in clear violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff request the following relief;

    A.    **NOMINAL DAMAGES.**

    B.    **PUNITIVE DAMAGES**, for malicious injury of pain and suffering resulting from the violation of Plaintiff's Fourteenth Amendment Right's in the following amounts;

| | | |
|---|---|---|
| 1. | AGAINST DEFENDANT THERRIEN | $25,000.00 |
| 2. | AGAINST DEFENDANT STRINGHAM | $25,000.00 |
| 3. | AGAINST DEFENDANT CRISMAN | $25,000.00 |
| 4. | AGAINST DEFENDANT NURSE JEFF | $15,000.00 |
| 5. | AGAINST DEFENDANT NURSE JACKIE | $15,000.00 |

    C.    Any other relief this Court deems proper.

Plaintiff demands trial by jury on all counts.

                                              Respectfully submitted,

                                            *David Williams, pro se*

                                            David Williams, pro se
                                            W-42189
                                            P.O. Box 100
                                            South Walpole, MA 02071

Dated: <u>JANUARY 14 2004</u>