UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No:

04-10086-PBS

DAVID WILLIAMS, pro se
      Plaintiff,

.v.

NORMAN THERRIEN, former Acting Health
Service Administrator of the UMASS
Correctional Health Program, University
of Massachusetts, **DAVID STRINGHAM**,
former Acting Health Service Administrator
of the UMASS Correctional Health Program,
University of Massachusetts, **GERI CRISMAN**,
former Acting Health Service Administrator
of the UMASS Correctional Health Program,
University of Massachusetts, **JOHN DOE** aka
**NURSE JEFF**, employee of the UMASS
Correctional Health Program, University
of Massachusetts, **JANE DOE** aka **NURSE JACKIE**
employee of the UMASS Correctional
Health Program, University of Massachusetts
      Defendants,
all defendants sued in their personal
      capacity.

AMENDED COMPLAINT

**PARTIES**

1. Plaintiff David Williams, w-42189, is a Massachusetts prisoner confined at Massachusetts Correction Institution (hereinafter "M.C.I.") Cedar Junction, a prison operated by the Massachusetts Department of Correction (hereinafter "D.O.C.") in South Walpole, Massachusetts.

2. Defendant Norman Therrien, is a natural person who was formerly employed as Acting Health Service Administrator at UMASS Correctional

.1.

2. Health Program, located in South Walpole, Massachusetts.

3. Defendant David Stringham, is a natural person who was employed as Acting Health Service Administrator at UMASS Correctional Health Program, located in South Walpole, Massachusetts.

4. Defendant Geri Crisman, is a natural person who was employed as Acting Health Service Administrator at UMASS Correctional Health Program, located in South Walpole, Massachusetts.

5. Defendant John Doe aka Nurse Jeff, is a natural person employed as a nurse at UMASS Correctional Health Program, located in South Walpole, Massachusetts.

6. Defendant Jane Doe aka Nurse Jackie, is a natural person employed as a nurse at UMASS Correctional Health Program, located in South Walpole, Massachusetts.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to Title 28 § 1331 (a): Title 28 § 1343 (a),(3),(4); Title 42 § 1983.

## FACTS

8. On or about February, 1986, Plaintiff commenced his incarceration within "D.O.C." at Massachusetts Correctional Institution, Cedar Junction, South Walpole, Massachusetts.

9. Plaintiff has a medical history of cardiovascular disease, hypertension, insomnia, high blood pressure and anxiety/panic disorder.

10. Plaintiff further states that he had been on prescription medication daily prescribed by psychiatrist and medical doctor at this institution for the above described illnesses.

11. On or about April, 2003, Defendants Therrien, Stringham and Crisman in their official capacity as Acting Health Service Administrators issued an unlawful policy of intentional interfering with medication once prescribed by doctor to medical staff to pre-mix all control substance medication within the Health Service Unit prior to administering to inmates in violation of "D.O.C." policy and procedure promulgated by the Commissioner of Correction. (SEE Exhibit A, 103 D.O.C. 661).

12. On or about April, 2003, Plaintiff was assigned to keep-lock at MCI-Cedar Junction his medication was under the control and supervision of Defendants Nurse Jeff and Nurse Jackie.

13. On or about April, 2003, Plaintiff had been confined to his cell Defendants Nurse Jeff and Nurse Jackie brought the Plaintiff an unlawful liquid substance which was not consistent with medical treatment prescribed by doctor.

14. Plaintiff was directed by Defendants Nurse Jeff and Nurse Jackie to ignore the medical treatment prescribed by the doctor and to consume the unlawful liquid substance in their possession.

15. The Plaintiff was further informed by Defendants Nurse Jeff and Nurse Jackie, the policy and procedure for administering controlled substances was changed by Defendants Therrien, Stringham and Crisman which had been a primary obligation of the Commissioner of Correction pursuant to Massachusetts General Law.

16. It was at this point the Plaintiff informed Defendants Nurse Jeff and Nurse Jackie, that he would not participate in this unlawful act.

17. The Plaintiff further informed Defendants Nurse Jeff and Nurse Jackie in what he believed to be a clear violation of "D.O.C." policy and procedure (103 D.O.C. 661, pharmacy and medication) and requested that both Defendants Nurse Jeff and Nurse Jackie to comply with medication prescribed by doctor.

18. Defendants Nurse Jeff and Nurse Jackie became hostile and maliciously threatened the Plaintiff if he failed to comply with their unlawful directives would result in his prescription medication being denied.

19. Due to the conflict between the Plaintiff's conscience and the malicious statements and acts made by both Defendants Nurse Jeff and Nurse Jackie in their willful attempts to coerce him into participating in their unlawful acts, the Plaintiff came under a tremendous amount of psychological stress and physical withdrawal symptoms.

20. Plaintiff states that the predetermined deprivation of his prescription medication was approved thru tacit authorization by Defendants Therrien, Stringham and Crisman from the issuing of the fraudulent control substance policy and procedure to Defendants Nurse Jeff and Nurse Jackie.

21. As a result of the above - mention symptoms, the Plaintiff suffered ensuing insomnia, paranoia, fatigue, anxiety, muscle spasms, hyper-ventilation and dizziness.

22. On or about April 25, 2003, the Plaintiff submitted a medical

22. grievance complaint to the Health Service Administrator's Office.

23. Plaintiff states on or about April, 2003, he submitted grievances forms to inmate grievance coordinator office that was subsequently denied the plaintiff submitted an appeal to Superintendent Peter E. Allen that was denied.

24. On or about May, 2003, the Plaintiff received a legal notice from Defendant Geri Crisman stating "medication that requires crushing will be done in front of inmates then mixed with water prior to administration."

25. Plaintiff sent on or about May 14, 2003, medical grievances to both June S. Binney, Director, UMASS Correctional Health Program, and Susan Martin, Director, D.O.C. Health Service Division, who responded "Health Service and Contractual Medical Provider policy requires that medication that needs to be crushed at the time of administration, not prior to administration."

26. All administrative avenues have been exhausted by the plaintiff.

### CLAIMS FOR RELIEF
.1.

**AGAINST DEFENDANTS NURSE JEFF AND NURSE JACKIE IN THEIR PERSONAL CAPACITY**

Unlawful deprivation of bodily freedom in
violation of 42 U.S.C. § 1983

Plaintiff realleges the facts contained in paragraphs
1 through 26 and incorporates them herein.

27. The Plaintiff had a secured right in his bodily freedom which was not subject to unlawful fraudulent act.

.5.

28. Plaintiff had a secured right to possess personal property which was not subject to unlawful fraudulent act.

29. Defendants Nurse Jeff and Nurse Jackie violated the Plaintiff's rights by their conduct in committing actionable fraud from the fraudulent misrepresentation relied upon from Defendants Therrien, Stringham and Crisman in depriving the Plaintiff of his prescription medication.

30. Both Defendants Nurse Jeff and Nurse Jackie violated the Plaintiff's constitutional rights protected within the Fourteenth Amendment constituted a deliberate indifference thru malicious conduct by intentionally inflicting unnecessary wanton physical harm in depriving the Plaintiff of his property interest of prescription medication.

31. The Defendants Nurse Jeff and Nurse Jackie violated the Plaintiff's constitutional rights thru truly irrational conduct that offends the concept of ordered liberty in depriving the Plaintiff of his freedom from unlawful bodily restraint protected within the Fourteenth Amendment to the United States Constitution.

<u>CLAIM</u>
.II.

AGAINST DEFENDANTS THERRIEN, STRINGHAM AND CRISMAN IN THEIR PERSONAL CAPACITY

Unlawful deprivation of bodily freedom in violation of 42 U.S.C. § 1983

Plaintiff realleges facts contained in paragraphs 1 through 31 and incorporates them herein.

32. The Plaintiff had a secured right in his bodily freedom which was not subject to unlawful fraudulent act.

33. Plaintiff had a secured right to possess personal property which was not subject to unlawful fraudulent act.

34. Defendants Therrien, Stringham and Crisman were supervisory officials of the UMASS Correctional Health Program at MCI-Cedar Junction were responsible for medical staff complying with UMASS Correctional Health Program policy and procedures including adherence to "D.O.C." rules and regulations of the "D.O.C." Health Service Division monitoring control substance schedule II medication policy during the time of these allegations raised herewithin. (103 D.O.C. 661.03(g).

35. The Defendants Therrien, Stringham and Crisman act of fraudulent misrepresentation of "D.O.C.", policy (103 "D.O.C." 661) pharmacy and medication procedures to subordinates Defendants Nurse Jeff and Nurse Jackie constituted a deliberate indifference of affirmative misconduct in depriving the Plaintiff of his property interest of his prescription medication by intentional interference with prescription medication thru tacit authorization.

36. The Defendants Therrien, Stringham and Crisman had a mandatory obligation to conform to a legal standard of reasonable conduct for the protection of the Plaintiff's freedom against unlawful bodily restraint.

37. The Defendants Therrien, Stringham and Crisman violated Plaintiff's constitutional rights protected within the Fourteenth Amendment thru tacit authorization allowing Defendants Nurse Jeff and Nurse Jackie to deprive the Plaintiff of his property interest prescription medication constituted a malicious act in intentionally inflicting unnecessary wanton physical harm.

.7.

38. Defendants Therrien, Stringham and Crisman violated Plaintiff's constitutional rights by truly irrational conduct that offends the concept of ordered liberty in depriving the Plaintiff of his bodily freedom without due process of law under the Fourteenth Amendment to the United States Constitution.

### CLAIM
### .III.

**AGAINST DEFENDANTS THERRIEN, STRINGHAM, CRISMAN, NURSE JEFF AND NURSE JACKIE IN THEIR PERSONAL CAPACITY**

Tortious Willful and Malicious Injury

Plaintiff realleges the facts contained in paragraphs
1 and 38 and incorporates them herein.

39. Defendants Therrien, Stringham, Crisman, Nurse Jeff and Nurse Jackie knew or reasonably should have known that their unlawful fraudulent conduct to deprive the Plaintiff of his property interest prescribed medication and bodily freedom in violation of his constitutional rights protected within the Fourteenth Amendment intentionally done in bad faith of clearly established law would likely cause any reasonable person to suffer corporal punishment of bodily injury, including sever humiliation, mental and emotional injury.

40. The Defendants Therrien, Stringham, Crisman, Nurse Jeff and Nurse Jackie unlawful conduct to deprive the Plaintiff were by their nature, a malicious intent to cause bodily and emotional injury by intentionally depriving the Plaintiff of his property interest prescription medication

40. constituted unlawful bodily restraint protected under the Fourteenth Amendment to the United States Constitution.

41. Defendants Therrien, Stringham, Crisman, Nurse Jeff and Nurse Jackie intentional inflicted the aforesaid act of deprivation of the Plaintiff's property interest and bodily freedom was done maliciously, without any reasonable related legitimate security concerns, or other penological, economical interest, justification or excuse and did so for the sole purpose of intentionally inflicting unnecessary and wanton pain and ultimately, unlawfully deprived the Plaintiff of his constitutional rights secured within the Fourteenth Amendment to the United States Constitution, and thus, done in clear violation of 42 U.S.C.A. § 1983.

42. Wherefore, the Plaintiff demands judgement against the defendants for damages;

## RELIEF DEMANDED

A. **NOMINAL DAMAGES.**

B. **PUNITIVE DAMAGES**, for malicious injury of unlawful bodily restraint in violation of the Fourteenth Amendment in the following amounts;

1. AGAINST DEFENDANT **NORMAN THERRIEN**       $25,000.00
2. AGAINST DEFENDANT **DAVID STRINGHAM**       $25,000.00
3. AGAINST DEFENDANT **GERI CRISMAN**          $25,000.00
4. AGAINST DEFENDANT **NURSE JEFF**            $15,000.00
5. AGAINST DEFENDANT **NURSE JACKIE**          $15,000.00

43 The Plaintiff demands a trial by jury.

Respectfully submitted,

*David Williams* /s/
David Williams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071-0100

## CERTIFICATE OF SERVICE

I, David Williams, pro se, hereby certify that on this day I, served a copy of the foregoing document on Attorney Bruce R. Henry, on behalf of the defendants at 250 Summer Street, Boston, Massachusetts., 02210-1181, by first class mail postage prepaid on this 12tH day of February, 2004.

*David Williams* /s/
David Wlilliams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071

## WILLIAMS V. THERRIEN, STRINGHAM, et.al.

List of Exhibits

EXHIBIT A = Massachusetts Department of Correction Division Health Services, Pharmacy and Medications No: 103 DOC 661, pgs.8

EXHIBIT 1 = Physician Orders. pgs.3.

EXHIBIT 2 = UMASS Correctional Health treatment administration record, pgs.1.

EXHIBIT 3 = Medical Care Grievance, pgs.1.

EXHIBIT 4 = Institutional Appeal Form, pgs.1.

EXHIBIT 5 = Letter/Acting Health Services Administrator, Geri Crisman, pgs.1.

EXHIBIT 6 = Letter/UMASS Correctional Health Program, June S. Binney, Program Director. pgs.1.

EXHIBIT 7 = Letter/D.O.C. Health Service Division, Susan J. Martin, Director, pgs.1.

EXHIBIT 8 = UMASS Correctional Health Program, Clinical Complaint Policy, pgs.3.

EXHIBIT 9 = Massachusetts General Law, Chapter 94C § 9, pgs.1.

EXHIBIT 10 = UNSWORN AFFIDAVIT INMATE DAVID JACKSON, pgs.4.

EXHIBIT 11 = Letter/D.O.C. Health Service Division, Susan J. Martin, Director, pgs.1.

### AMENDED COMPLAINT EXHIBITS

EXHIBIT 12 = Boretti v. Wiscomb, 930 F.2d 1150 (6th Cir. 1991) pgs. 2.

EXHIBIT 13 = Massachusetts General Law, Chapter 94C section 9(a)(b). pgs. 1.