UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DAVID WILLIAMS, pro se, )
    Plaintiff )
 )
 )
 )
-vs- ) CIVIL ACTION NO. 04-10086-PBS
 )
 )
NORMAN THERRIEN, DAVID STRINGHAM, )
GERI CRISMAN, JOHN DOE, A/K/A NURSE )
JEFF and JANE DOE, A/K/A NURSE )
JACKIE, )
    Defendants )
 )

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION IN OPPOSITION TO DEFENDANTS'
NORMAN THEIRREN, DAVID STRINGHAM, GERI CRISMAN, MOTION TO
DISMISS, OR, IN THE ALTERNATIVE FOR
ENTRY OF SUMMARY JUDGMENT

INTRODUCTION

Plaintiff is an inmate who is currently, and was at all times relevant to his Amended Complaint, incarcerated at MCI-Cedar Junction, Walpole, Massachusetts, a prison facility maintained by the DOC.

Defendant Geri Crisman is a Registered Nurse and employed by the UMASS Correctional Health Program ("UMASS"). Between April 2003 and June 2003, defendant Crisman was one of three acting HSAs at MCI-Cedar Junction.

Defendant Therrien is employed by UMASS Correctional Health Program between April 2003 and June 2003, defendant Therrien was one of three acting HSAs at MCI-Cedar Junction.

Defendant Stringham was employed by UMASS Correctional Health Program between April 2003 and June 2003, defendant Stringham was one of three acting HSAs at MCI-Cedar Junction.

.1.

Plaintiff's claims arise out of a two-day period at MCI-Cedar Junction, where he was confined to his cell. During that time period, plaintiff was given his regularly prescribed medication along with a liquid substance unknown to him that was not his prescription control substance medication which plaintiff refused to ingest since it was against DOC policy to be administrated in that form.

Defendants alleged that prior to April 19, 2003, narcotic medication was given to prisoners in crushed form, unmixed with water. However, UMass staff became aware that some prisoners were stockpiling and hoarding the narcotic medications when administered in this form. The defendants were concerned that inmates could acquire poisonous quantities of the narcotic medications, through hoarding, and cause harm to themselves or others in the prison community.

To combat the impending health and safety issues within the institution, the defendants an emergency remedy, on a temporary basis, to reduce an inmate's opportunity to stockpile and hoard narcotic medication. The defendants instructed that all narcotic medication must be pre-mixed with water before being administered to the inmate. This emergency remedy remained in place until all prisoners requiring narcotic medication were moved to locations within the prison where medication could be crushed and mixed with water in the inmates' presence. When the alleged emergent security and health concerns no longer existed, the premixing of narcotic medication was immediately ceased.

Plaintiff was denied his prescription medication controlled substance by the policy created by the named defendants thru the reckless disregard of the consequences and conduct by subordinate

medical staff was an effective denial of medical treatment, resulting in cruel and unusual punishment, in violation of the Eight Amendment of the United States Constitution.

### MEMORANDUM OF LAW

ARGUMENT
.1.

Plaintiff had a clearly established right protected under the Eight Amendment of the United States Constitution within the cruel and unusual punishment clause guaranteeing plaintiff the right not to be subject to an unreasonable potential physical harm threatening to cause health problems in the future as well as plaintiff's current serious medical needs of having an allergic reaction with the possibility of plaintiff demise, from the unlawful policy created by the defendants' conduct to subordinates actions constituted a deliberate indifference in their failure to comply with doctor's prescription order in the administering of narcotic medication violates contemporary standards of decency to expose anyone unwillingly to such risk is not tolerated by todays society. See Estelle v Gamble, 429 U.S. 97, 97 S.Ct 285 (1976); Wilson v. Seiter, 501 U.S. 294, 111 S.Ct 2321 (1991); Hudson v. McMillian, 503 U.S. 1, 112 S.Ct 995 (1992).

Health Service Division Director Susan J. Martin, clearly states that the defendants' violated DOC Pharmacy and Medication policy 103 DOC 661 (See Exhibit), duly promulgated by the Commissioner of Correction on December 1996 and made effective on December 1, 2000, and designated the responsibilities for implementation and monitoring of policy to the

Director of Health Service Division and Superintendent of each facility.

The affirmative misconduct by the defendants' in light of both Director Susan J. Martin and Superintendent Peter E. Allen speaks directly to Massachusetts General Law Chapter 268 section 6A (1984 ed) added by statue 1964, c. 444, that clearly states as follows "Whoever, being an officer or employee of the Commonwealth or of any potitical subdivision therefore or of any authority created by the general court, in the course of his official duties executes, files or publishes any false written report, minutes, or statement, knowing the same to be false in a material matter, shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than one year, or by both such fine and imprisonment."

The defendants' are employees of the Commonwealth of Massachusetts knew or reasonably should have known that the policy they created without authorization from the Superintendent of MCI-Cedar Junction or the Health Service Division, Director Susan J. Martin was a violation of Mass.Gen.Law. c. 268 § 6A, in creating false statements in justifying their affirmative misconduct in allowing the violation by subordinates of DOC policy Pharmacy and Medication 103 DOC 661, which has the full force of the law. See Bowen v. City of Manchester, 966 F.2d 13, 20 (1st Cir. 1992); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989).

The defendants' conduct in failing to abide and to up hold the law pursuant to Mass.Gen.Law. c. 268 § 6A as state employees was the direct cause inflicting unnecessary punishment not formally imposed as a sentence for a crime committed violates the cruel and unusual

clause in the form of unnecessary and wanton infliction of pain at the behest of their subordinates thru deliberate indifference in their failure to notify the on call doctor as plaintiff requested seeking medical instructions in view of plaintiff's known medical history of being highly vulnerable to having an allergic reaction to different types of medications thru the dangers of cross contamination in the pre-mixing of narcotic medication within the Health Service Unit. In <u>Rhodes v. Chapman</u>, 452 U.S. 337, 352, n. 17, 101 S.Ct 2392, 2402, n. 17, states "a remedy for unsafe conditions need not await a tragic event."

The "DOC" recognized this possible danger and instituted a policy Pharmacy and Medications 103 DOC 661 of which the defendants' were knowledgeable of as professionals although in light of clearly established law they recklessly disregarded those dangers with deliberate indifference to plaintiff's serious medical needs subjected plaintiff to unnecessary and wanton infliction of pain in the withholding of plaintiff's narcotic medication. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct 1970 (1994); <u>Foote v. Hathaway</u>, 513 U.S. 1154, 115 S.Ct 1108 (1995).

Complying with a doctor's prescription or treatment plan is a ministerial function, not a discretionary one therefore defendants' are not entitled to qualified immunity and are liable for damages from the violation of plaintiff's constitutional rights by conduct resulting from subordinates actions. See <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S.Ct 3034, 3038; <u>Boretti v. Wiscomb</u>, 930 F.2d 1150, 1156.

A fraud on the Court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some

unconscionable act calculated to interfere with the judicial system ability impartially to adjudicate a matter before it and where corrupt intent knows no stylistic boundaries, fraud on the Court may exist where defendants' and attorney conspire to present perjury testimony or where with counsel's collusion, fabricates evidence. See Aquce v. Mobil Oil Corp, 892 F.2d 1115, 1119 (1st Cir. 1989).

WHEREFORE, plaintiff respectfully request that this Honorable Court **DISMISS**, defendants' motion to dismiss, or in the alternative, for entry of summary judgement, and allow discover process to commence and grant leave to amend original complaint as justice requires.

Dated: April 12, 2004.

Respectfully submitted

David Williams, pro se
w-42189
P.O. Box 100
So. Walpole, MA 02071

CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on the 12th day of April, 2004.

David Williams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071