UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-10086-PBS

DAVID WILLIAMS

Plaintiff

v.

NORMAN THERRIAN, DAVID STRINGHAM,
GERI CRISMAN, JOHN DOE, a/k/a NURSE JEFF
and JANE DOE, a/k/a NURSE JACKIE

Defendants

REPORT AND RECOMMENDATION ON MOTION TO
DISMISS, OR, IN THE ALTERNATIVE,
<u>FOR ENTRY OF SUMMARY JUDGMENT</u>

May 10, 2004

COHEN, M.J.

This is a civil rights action brought by the above-named defendant under the provisions of 42 U.S.C. ß 1983 in which the plaintiff, a prisoner at MCI-Cedar Junction, generally alleges that he was denied appropriate medical care in violation of the Eighth Amendment. The defendants, then serving as acting Health Services Administrators at MCI-Cedar Junction, have filed a Motion to Dismiss, or, in the Alternative, for Entry of

Summary Judgment (# 24). That motion, in turn, was referred to this court for report and recommendation consistent with the provisions of 28 U.S.C. ß 636(b) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. For the reasons which follow, this court recommends that the district judge to whom this case is assigned entry judgment for all defendants and against the plaintiff.

I.    <u>Material Undisputed Facts</u>

Based on the record before this court, this court finds the following facts to be undisputed:[1]

1. At all relevant times referred to in the Amended Complaint,[2] the plaintiff was a prisoner at MCI-Cedar Junction;[3]

2. At all relevant times, the University of Massachusetts Correctional Health Program ("UMass") served as the Health Services Administrator for the Massachusetts Department of Corrections;

---

[1] As indicated, defendants have filed a motion to dismiss, or, in the alternative, for entry of summary judgment. Plaintiff, in turn, filed an opposition which included an affidavit (# 32) and other matters *dehors* the pleadings. This court accordingly treats defendantsí motion as one for summary judgment under Rule 56, F.R. Civ. P.

[2] This court refers to the Amended Complaint (# 15) filed on or about March 10, 2004. After leave to file that Amended Complaint as granted, plaintiff filed another motion for leave to file an amended complaint. That motion was denied by the district judge to whom this case is assigned on April 5, 2004. On March 29, 2004, the district judge directed defendants to file a motion to dismiss on or before April 1, 2004. Undaunted, plaintiff filed yet another motion for leave to amend (# 27), with no explanation as to how that motion differed from his earlier motion (# 16) on March 31, 2003, just one day before defendantsí motion to dismiss was to be filed. That third motion to amend (# 27) was referred to this court for disposition consistent with the provisions of 28 U.S.C. ß 636(a) and Rule 2(a) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. By separate order entered contemporaneously herewith, this court denied that third motion to amend.

[3] It appears that at the time of the events referred to in the Amended Complaint, plaintiff was housed in the Department Disciplinary Unit.

3. At about the same period of time, defendants Therrien, Stringham, and Crisman, were Acting Health Services Administrators under that cooperative program;

4. Between April and May of 2003, plaintiff was prescribed narcotic medication;

5. Prior to April, 2003, medication, including narcotic medication, was administered to inmates in crushed form. The crushed medication was not premixed with water or any other liquid;

6. In early April 2003, the UMass medical staff became aware that some inmates were stockpiling and hoarding the unmixed, crushed medication rather than taking the prescribed dosages at the prescribed times. The practice of stockpiling and hoarding medications occurred more frequently with inmates who were prescribed narcotic medications;

7. The practice of stockpiling and hoarding narcotic medication raised immediate fears that inmates could acquire poisonous quantities of the narcotic medications and cause harm to themselves or others in the prison community;

8. As a temporary measure to remedy the potential security breaches and the health and safety issues created by the stockpiling and hoarding practice, medication was crushed and pre-mixed with water before being administered to the inmate. This temporary emergency measure was ceased, immediately, once all prisoners requiring narcotic medication

      were moved to locations within the prison where medication could be crushed and mixed with water in the inmates' presence, and the emergent security and health concerns no longer existed;

9.     Plaintiff was subject to this temporary emergency measure for only two days when he was confined to his cell on April 19 and 20, 2003. During those two days, he continued to receive all of his prescribed medications at the prescribed times.

## II.   <u>The Summary Judgment Standard</u>

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed `to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(quoting Fed.R. Civ. P. 1).

To survive a motion for summary judgment, the opposing party must demonstrate that there is a genuine issue of material fact requiring a trial. Fed. R. Civ. P., 56(e); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As the Supreme Court recently has made clear, the standard for granting summary judgment "mirrors" the standard for a directed verdict under Fed. R. Civ. P. 50(a). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). That is, the inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no `genuine issue for trial.'"

*Matsushita*, 475 U.S. at 587 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

A plaintiff may not obtain a trial merely on the allegations in its complaint, *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289-290 (1968), or by showing that there is "some metaphysical doubt as to the material facts," *Matsushita, supra*, 475 U.S. at 586 (citations omitted). Where the non-moving party will bear the burden of proof at trial, Rule 56(c) mandates the entry of summary judgment against that party where it "fails to make a showing sufficient to establish the existence of an element essential to that party's case...." *Celotex Corp. v. Catrett*, 477 U.S. at 322. That is to say, to avoid summary judgment, the opposing party "...must produce at least some evidence *reasonably* affording an inference supporting the existence of a triable issue of fact [with respect to the element which the opposing party must establish at trial]." *Santiago, et al. v. Group Brasil, Inc.*, 830 F.2d 413, 416 (1st Cir. 1987).

III.  Discussion

In the circumstances, based on the undisputed material facts as set forth above, defendants are entitled to judgment as a matter of law.

Under settled principles in this Circuit and elsewhere, "[i]n order to establish that medical mistreatment constitutes a violation of the Eighth Amendment, a prisoner must show `acts or omissions' sufficiently harmful to evidence deliberate indifference to serious medical needs." *Miranda v. Munoz*, 770 F.2d 255, 259 (1st Cir. 1985), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle*, the Court concluded (*Id.* at 105-106):

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint, that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence <u>deliberate indifference to serious medical needs</u>. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment. (Emphasis added).

Plaintiff has not, and clearly cannot, meet this threshold showing in this case. He does not allege or contend, and, indeed, on the basis of the undisputed facts, cannot, allege or contend that he did not receive his medications. The record evidence, undisputed as it is, shows that the plaintiff, in fact, received his appropriate medications. His only complaint is that it came premixed - hardly the stuff of "...deliberate indifference to serious medical needs."

In his opposition (# 30) to defendants' motion, plaintiff does not seriously (if at all) gainsay the scope and breadth of that which must be shown to establish a cognizable Section 1983 claim under the Eighth Amendment based on alleged shortcomings in the administration of medical treatment. His only retort is that, in his view, the temporary measures referred to above, $\partial\partial$ I. 6-I.9, violated procedures established by the Department of Corrections relating to the distribution of controlled substances and all medications to those confined to the Department Disciplinary Unit, to wit: 103 DOC 661-12, Medication Distribution in Department Disciplinary Unit at MCI-

Cedar Junction.[4] But even if his view is correct, that is quite beside the point. For one thing, the applicable regulations (103 DOC 661), which were promulgated in order to define policies for contractual providers of health care to the Department of Corrections, do not purport to provide substantive rights to prisoners at MCI-Cedar Junction or elsewhere. And for another, even if it could be said that those regulations were promulgated with a view of providing prisoners with some sort of substantive right, it is well settled that a violation of rights established under state law does not authorize an action under Section 1983 unless it can be shown that denial of that right, in and of itself, constitutes a violation of the Constitution of the United States. *E.g.*, *O'Neill v. Baker*, 210 F.3d 41 (1st Cir. 2000); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Roy v. City of Augusta*, 712 F.2d 1517, 1522-23 (1st Cir.1983).[5] In this case, the undisputed material facts show that the plaintiff <u>was</u> provided with his prescribed medications - albeit premixed for good and sound security reasons. He was not denied any medical treatment whatsoever, and certainly has not shown, and cannot show, that the defendants herein were deliberate indifferent to his serious medical needs.

This court accordingly recommends[6] that the district judge allow defendants'

---

[4] Plaintiff has attached the 103 DOC 661-12, Medication Distribution in Department Disciplinary Unit at MCI-Cedar Junction, documents as Exhibit 1-C to his opposition.

[5] There that Court observed (*Id.*):

...[m]ere violations of state law do not, of course, create constitutional claims.

[6] The parties are hereby advised that under the provisions of Rule 72(b) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific and written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report
(continued...)

Motion to Dismiss, or, in the Alternative, for Entry of Summary Judgment (# 24) to the extent of entering judgment in favor of all defendants on all claims.

*[signature]*
_____
UNITED STATES MAGISTRATE JUDGE

---

[6] (...continued)
and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. *See Keating* v. *Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States* v. *Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc.* v. *Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States* v. *Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott* v. *Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also, Thomas* v. *Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).