UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DAVID WILLIAMS, pro se, )
    Plaintiff, )
 )
 )
 )
-vs- )
 )
 )
 )
NORMAN THERRIEN, DAVID STRINGHAM, )   CIVIL ACTION NO. 04-10086-PBS
GERI GRIMAN, JOHN DOE, A/K/ NURSE )
JEFF and JANE DOE, A/K/A NURSE )
JACKIE, )
    Defendants. )

PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION ON MOTION TO DISMISS, OR, IN THE
<u>ALTERNATIVE, FOR ENTRY OF SUMMARY JUDGMENT</u>

Now comes plaintiff David Williams, pro <u>se</u>, in the above entitled action pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, file this specific and written objections to Magistrate Cohen's report and recommendation issued May 10, 2004, on defendants motion to dismiss, or, in the alternative for entry of summary judgment.

In the circumstances based on the specific objections, as set forth, Plaintiff establishes the basis for such objections on genuine issues of material facts precluding summary judgment, <u>United States v One Parcel of Real Property</u>., 960 F.2d 200, 204 (1st Cir. 1992); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 256-57, 106 S.Ct. 2505, 2510, 2514-15 (1986), and sufficient to support a verdict in his favor.

.1.

4. giving plaintiff sufficient notice of conversion of defendants motion to dismiss, or, in the alternative, for entry of summary judgment. Collier v. City of Chicopee., 158 F.3d 601 (1st Cir. 1998); C.B. Trucking, Inc, v. Waste Management, Inc., 137 F.3d 41 (1st Cir. 1998).

5. The Plaintiff filed his opposition to defendants Rule 12 (b),(6) motion to dismiss, or, in the alternative, for entry of summary judgment accompanied with a counter affidavit disputing the alleged facts within affidavit of Geri Crisman policy change was related to security issues of inmates hoarding or stockpiling control substance medication in view of clearly established guidelines requiring Department of Correction officials visual inspection of inmates mouths upon consumption of any controlled substance medication virtually making it highly unlikely an inmate could hoard or stockpile any amount of control substance medication as stated within defendants Geri Crisman affidavit. Plaintiff also attached a letter from Director of Health Services Division, Susan J. Martin, that clearly refers to **bad faith** by defendants in failing to follow both the Department of Correction and UMASS Correctional Health Program polices and not as alleged by defendant Geri Crismen as security related issues. (103 DOC 661)

6. Plaintiff objection to the proposed finding in Magistrate Cohen's report and recommendation that states in part, "undauted, plaintiff filed yet another motion for leave to amend (#27), with no explanation as to how that motion differed from his earlier motion (#16) on March 31, 2003, just one day before defendants' motion to dismiss was to be filed." (I. MATERIAL UNDISPUTED FACTS, (1), (note.2).

.3.

9.  Plaintiff is a prisoner within the Department of Correction in the State of Massachusetts and had a Right under statutory law requiring unnamed defendants Nurse Jeff and Nurse Jackie to administer physician's prescription of a controlled substance, and in the opinion of physician to be dispensed in "crushed" powder form. The unnamed defendants Nurse Jeff and Nurse Jackie knew that the denial of plaintiff's specifically prescribed medication would cause substantial risk of serious withdrawal pain and suffering and recklessly disregarded that causing unnecessary and wanton infliction of pain inconsistent with societies contemporary standards of decency. Boretti v. Wiscomb., 930 F.2d 1151, 1156 (6th Cir. 1996), defendants actions was the direct cause of this violation of plaintiff's statutory and constitutional rights.

Dated May 18, 2004.

Respectfully submitted,

David Williams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071

CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on the 18th day of May, 2004.

David Williams, pro se
w-42189
P.O. Box 100,
So. Walpole, MA 02071